```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------X
UNITED STATES OF AMERICA,        :
                                 :
                                 :   No. 07 Cr. 244 (JFK)
       -against-                 :
                                 :
                                 :         ORDER
CALVIN POWELL,                   :
                                 :
              Defendant.         :
--------------------------------X
```

**JOHN F. KEENAN, United States District Judge:**

On July 22, 2008, Calvin Powell ("Defendant") was sentenced principally to a term of imprisonment of 135 months. In an order dated November 20, 2014, this Court set out a briefing schedule to address Defendant's eligibility for a reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(2) based on a retroactive amendment to the U.S. Sentencing Guidelines Manual (the "Guidelines"). If applicable, the amendment would provide a two-level adjustment of Defendant's offense level under the Guidelines, which would yield a revised sentencing range of 120 months' imprisonment.

On December 2, 2014, the Government provided its submission and defense counsel responded on February 9, 2015. Consistent with the Probation Department's supplemental presentencing report, the parties agree that the defendant is eligible for a reduction in his sentence of imprisonment.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 5-8-15

The Court has reviewed the submissions from both parties, as well as the Probation Department's report. At the time of sentencing, the Guidelines range applicable to Defendant was determined to be 108 to 135 months' imprisonment based on a total offense level of 29 and criminal history category III. By comparison, had the relevant amendment been in effect at the time of initial sentencing, the parties agree that Defendant's total offense level would have been 27. Ordinarily, an offense level of 27 with criminal history category III would result in an applicable Guidelines range of 87 to 108 months. In this case, however, there is a mandatory minimum of 120 months' imprisonment that is higher than the applicable Guidelines range. Accordingly, the Court concludes that Defendant is eligible for a reduction in his sentence to the statutory mandatory minimum of 120 months' incarceration pursuant to § 3582. See U.S.S.G. § 5G1.1(b) ("Where a statutorily required minimum sentence is greater than the maximum of the applicable guideline range, the statutorily required minimum sentence shall be the guideline sentence.").

The Court must therefore decide whether a reduction in Defendant's sentence is appropriate in light of the applicable factors under 18 U.S.C. § 3553(a), as well as considerations of public safety and the Defendant's post-sentence conduct. U.S.S.G. § 1B1.10 n.1(B); see also Dillon v. United States, 560

U.S. 817, 825 (2010) (noting that the court must decide whether to grant a reduction "in whole or in part under the particular circumstances of the case"). In so doing, however, the Court may not order a reduced term of imprisonment if it would result in the Defendant's release from custody before November 1, 2015. U.S.S.G. § 1B1.10(e)(1). Moreover, the U.S. Sentencing Commission has made clear that a defendant requesting modification of a sentence under § 3582(c) may not receive a revised sentence that is below the new, amended range, unless a departure was previously granted based on substantial assistance. See U.S.S.G. § 1B1.10(b)(2)(A)-(B); see also United States v. Erskine, 717 F.3d 131, 137-41 (2d Cir. 2013) (recognizing that section 1B1.10 prohibits reductions below the bottom of the amended range).

Here, the Government has indicated that it does not object to a reduction in the Defendant's sentence. Moreover, Defendant's prison records indicate that he has not received any disciplinary sanctions for violence or assaultive behavior while incarcerated for the instant offense and that he has successfully completed numerous educational courses since being sentenced. The Court also notes that Defendant's conduct in connection with his present arrest did not involve the use of a weapon and that his criminal history does not include any violence or assaultive behavior. Finally, the Court observes

3

that a sentence of 120 months would be within the original Guidelines range stipulated to in the plea agreement between the parties and would be higher than the top end of the amended Guidelines range were it not for the applicable mandatory minimum. Accordingly, having considered the record in this case and the parties' arguments, it is hereby

ORDERED that the Defendant's request for a sentencing modification pursuant to 18 U.S.C. § 3582(c)(2) is granted and that his sentence is reduced from 135 to 120 months' imprisonment.

Dated:   New York, New York
         May 8, 2015

*John F. Keenan*
John F. Keenan
United States District Judge